**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

NOV 12 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EDWIN OLIVARES-MELENDEZ,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 15-73177

Agency No.
A089-852-976

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 20, 2025[**]
Portland, Oregon

Before: CALLAHAN, CHRISTEN, and HURWITZ, Circuit Judges.

Edwin Bladimir Olivares-Melendez ("Olivares"), a native and citizen of El
Salvador, petitions for review of a decision of the Board of Immigration Appeals
("BIA") dismissing his appeal from an order of an Immigration Judge ("IJ")
denying withholding of removal and protection under the Convention Against

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this petition is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT").  Olivares also argues for the first time in this Court that he became eligible for cancellation of removal while the petition was administratively closed.  We have jurisdiction under 8 U.S.C. § 1252(a).  We deny the petition for review but stay the mandate for 90 days to allow Olivares to file a motion to reopen with the BIA.

We review the BIA's legal conclusions de novo, *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc), and its factual findings for substantial evidence, *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022).  We must uphold the BIA's determination "unless the record compels a contrary conclusion." *Castillo v. Barr*, 980 F.3d 1278, 1283 (9th Cir. 2020).  "Where the BIA conducts its own review . . . our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted."  *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020) (quoting *Rodriguez v. Holder*, 683 F.3d 1164, 1169 (9th Cir. 2012)).

1.      The IJ did not grant Olivares's testimony "full evidentiary weight" because Olivares "was not a credible witness."  The BIA did not discuss the IJ's credibility finding but instead determined that Olivares had not demonstrated a nexus between the claimed harm and a protected ground—a separate dispositive issue.  Olivares argues this was error.  We disagree.

When the BIA omits discussion of an IJ's credibility finding, we presume

the BIA found the petitioner credible. *Krotova v. Gonzales*, 416 F.3d 1080, 1084 (9th Cir. 2005); *Navas v. I.N.S.*, 217 F.3d 646, 652 n.3 (9th Cir. 2000). We thus limit our review to the BIA's nexus finding. *See Budiono v. Lynch*, 837 F.3d 1042, 1046 (9th Cir. 2016) ("Our review is limited to those grounds explicitly relied upon by the Board." (citation omitted)); *Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) (similar).

Olivares suggests we should nonetheless review the IJ's negative credibility finding because it impacted the "entire case." But Olivares does not point to any evidence that would have compelled a nexus finding and was rejected or overlooked due to the IJ's credibility assessment. For these reasons, the BIA did not err by ruling on nexus grounds and remaining silent on Olivares's credibility.

2.      Olivares also seeks remand because of "a fundamental change in the law." In *Barajas-Romero v. Lynch*, we held that applicants for withholding of removal must show only that their political opinion was "a reason" for persecution, not "one central reason." 846 F.3d 351, 360 (9th Cir. 2017). Olivares asserts that the BIA's order (issued two years before *Barajas*) subjected his claim to the now disapproved "one central reason" standard.

Although the order cited the former standard, the BIA's analysis indicates that remand is unnecessary because the claim would fail even under the new standard. The BIA determined that Olivares's claimed harm "was based on a

general fear of gang violence and criminal activity" because "[t]he respondent's testimony does not indicate that gang members attributed a political opinion to him or that they had any interest in him other than to obtain money or persuade him to join their ranks." The BIA determined that, "[g]iven the prevalence of gang violence in El Salvador," Olivares "did not establish that he is more likely to be persecuted by gangs on account of a protected ground than any other member of the society." In other words, despite the erroneous citation, the BIA appropriately concluded that fear of general gang violence is insufficient to establish persecution based on a protected ground.

Moreover, the record spans a fifteen-year period and only provides examples of armed robbery and a gang recruitment attempt. These examples substantiate the BIA's conclusion that Olivares's fear is based on general gang violence motivated by money and recruitment.

Because the record reveals no nexus between Olivares's claimed harm and a protected ground, remand would be futile. *See Singh v. Barr*, 935 F.3d 822, 827 (9th Cir. 2019) (per curiam) (declining to remand even though the BIA incorrectly cited the "one central reason" standard because remand "would be an idle and useless formality" (quoting *NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 766 n.6 (1969))).

15-73177

3.      With respect to CAT protection, Olivares challenges the BIA's finding that he failed to establish a likelihood of torture.

Yet, there is no evidence Olivares was physically harmed in El Salvador or that he would be tortured if he were returned to El Salvador. Olivares instead relies on various threats by gang members in conjunction with country conditions evidence of gang violence and corruption. But that evidence does not compel a conclusion contrary to the one reached by the BIA. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019) (denying CAT protection where petitioner had not been previously tortured but had received two death threats, including a threat involving seven armed hitmen); *Dawson v. Garland*, 998 F.3d 876, 883–84 (9th Cir. 2021) (finding threatening incidents, without more, "do not constitute torture or compel a finding that future torture is likely").

Olivares's argument as to government acquiescence also fails. The country conditions evidence shows significant gang activity and "instances of corruption and criminality" limiting police "effectiveness" in El Salvador. However, the record does not compel the conclusion that the government acquiesces in gang violence. To the contrary, the country conditions evidence indicates that the Salvadoran government is attempting to combat gang violence.

4.      Olivares requests that we remand his petition to the BIA because during the time this petition was administratively closed, he potentially became

eligible for cancellation of removal.  But when a noncitizen becomes newly eligible for relief, we do not compel the BIA to reopen.  *Ortiz v. I.N.S.*, 179 F.3d 1148, 1152 (9th Cir. 1999).

The government has acknowledged that the proper vehicle to consider Olivares's cancellation of removal claim is a motion to reopen.  To allow Olivares the opportunity to file a motion to reopen with the BIA, we stay the mandate for 90 days from the filing of this disposition.

**PETITION FOR REVIEW DENIED; MANDATE STAYED FOR 90 DAYS.**